UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Philip Michael Scott,

              Plaintiff,

—v—

American Security Insurance Company, et al.,

              Defendants.

17 Civ. 5881 (AJN)

MEMORANDUM OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 1 2018

ALISON J. NATHAN, District Judge:

This matter was referred to the bankruptcy court. *See* 12-mc-32. The bankruptcy court issued its proposed findings of fact and conclusions of law in June 2017, and they were submitted to this Court on August 3, 2017. *See* Dkt. No. 1 (Bankr. Op.). No objections have been filed. For the reasons below, the Court affirms the bankruptcy court's order.

I. **BACKGROUND**

In 2005, Debtor Philip Michael Scott, along with Defendants Barbara Campbell and Marlene Gaethers-Langley, purchased real property located in Scarsdale, New York. Bankr. Op. at 13. To finance that purchase, Campbell borrowed $725,000 from Finance America, LLC, executed a note, and secured the loan with a mortgage that Gaethers-Langley and the Debtor also executed. *Id.* Finance America assigned the mortgage to JP Morgan Chase Bank, N.A. ("Chase"), which assigned the mortgage to Defendant Bank of New York Mellon ("BNY"). *Id.* Defendant Ocwen Loan Servicing ("Ocwen") services the loan for BNY. *Id.*

Campbell defaulted on the loan in 2008 and Chase commenced a foreclosure action that resulted in the entry of a judgment of foreclosure and a sale on March 16, 2009. *Id.* at 13-14. In

June 2016, Ocwen and BNY filed a notice of foreclosure and sale in New York state court and scheduled a sale of the property for July 22, 2016. *Id.* at 14-15. However, that sale did not go forward because the Debtor filed a petition under chapter 13 of the Bankruptcy Code before the sale was scheduled to occur, thereby automatically staying the sale. *Id.* at 15.

The Debtor alleges that in 2014, Ocwen purchased an insurance policy covering the property from Defendant American Security Insurance Company ("ASIC"). *Id.* at 2, 16. On December 31, 2014, a fire destroyed the property. *Id.* at 2, 16. The Debtor asserts that after the fire, ASIC paid the insurance proceeds to Ocwen in full satisfaction of the note and mortgage, but he alleges that BNY and Ocwen have wrongfully failed to credit those instruments for the amounts paid and to issue a satisfaction of the mortgage. *Id.* at 2, 16-17.

The Debtor seeks money damages based upon violations of common law, state law, and federal law, and he seeks a declaratory judgment establishing that the mortgage was paid in full and that the mortgage and judgment of foreclosure and sale entered in 2009 are null and void. *Id.* at 3, 17. Specifically, the Debtor brings claims for conversion, embezzlement, breach of contract, constructively fraudulent conveyances under New York Debtor and Creditor Law ("NY DCL"), violations of the New York General Business Law, and violations of the Fair Debt Collection Practices Act ("FDCPA") against ASIC, BNY, and Ocwen. *See id.* at 3-4, 17. The Debtor also seeks damages against Ocwen based on its failure to credit the loan balance with the insurance proceeds and against BNY for its failure to record a satisfaction of mortgage and judgment as required by New York law. *See id.* at 4, 18. The Debtor also asserts claims against Defendants Erwin Vencer and McCabe, Weisberg & Conway, P.C. ("McCabe") for violations of the FDCPA. *See id.* at 4, 18. Campbell and Gaethers-Langley (together, the "Cross-Claimants") filed cross complaints. *Id.* at 3.

BNY and Ocwen moved to dismiss the complaint and cross-complaints; ASIC filed an answer and moved for judgment on the pleadings dismissing the complaint and cross-complaints; and McCabe and Vencer moved to dismiss the complaint and cross-complaints or, in the alternative, for summary judgment. *See id.* at 4-5.

## II. REFERRAL TO BANKRUPTCY COURT

The United States District Court for the Southern District of New York referred this matter to the bankruptcy court. *See* 12-mc-32; 28 U.S.C. § 157.

Once a proceeding has been referred, "[t]he manner in which a bankruptcy judge may act . . . depends on the type of proceeding involved." *Stern v. Marshall*, 564 U.S. 462, 473 (2011). A bankruptcy court may enter final judgment in a core proceeding referred to it, subject to appellate review by the district court. 28 U.S.C. § 157(b)(1); *see Stern*, 564 U.S. at 474-75. By contrast, in a non-core proceeding that is "otherwise related to a case under title 11," the bankruptcy court "shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1); *see also* Fed. R. Bankr. P. 9033(d) ("The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.").

The bankruptcy court held hearings on the motions to dismiss filed in response to the complaint and cross-complaints. *See* Bankr. Op. at 6.

3

The court concluded that the Debtor and the Cross-Claimants lack standing to assert claims under the NY DCL and thus dismissed those claims. *See id.* at 23-27, 36. The bankruptcy court also concluded that it had neither core nor non-core jurisdiction to consider the Cross-Claimants' non-NY DCL cross-claims, so it dismissed those claims as well. *See id.* at 36-38. However, the court concluded that it had jurisdiction over the Debtor's non-NY DCL claims because they were non-core claims that were otherwise related to a case under title 11. *See id.* at 27-35. Although ASIC, Ocwen, and BNY consented to the bankruptcy court's entry of a final order, the Debtor did not. *See id.* at 36. Accordingly, the bankruptcy court treated its decision as proposed findings of fact and conclusions of law. *See id.*

In June 2017, the bankruptcy court filed its proposed findings of fact and conclusions of law. Following the objection period, the proposed findings and conclusions were transmitted to this Court on August 3, 2017. No objections have been filed.

### III. THE BANKRUPTCY COURT'S PROPOSED FINDINGS AND CONCLUSIONS

The bankruptcy court recommended finding that the Debtor had abandoned his claims for conversion, embezzlement, and various violations of New York law in Counts One and Three of his complaint and his breach of contract claim in Count Two of his complaint because the Debtor did not respond to contentions that his complaint failed to state claims for those causes of action. *See* Bankr. Op. at 39-40. The bankruptcy court also concluded that, in any event, the Debtor had failed to plead any of the elements of his conversion, embezzlement, and New York law claims in Counts One, *see id.* at 43-47, 52-55; of his breach of contract claim in Count Two, *see id.* at 55-61; or of his New York law claims in Count Three, *see id.* at 61-63. Likewise, the bankruptcy court explained that the Debtor had failed to plead the elements of his FDCPA claims. *See id.* at

4

47-52, 63-69. The bankruptcy court thus recommended dismissing all of the Debtor's non-NY DCL claims and denying leave to amend. *See id.* at 42-69.

Having considered the relevant law, the Court affirms the bankruptcy court's findings of fact and conclusions of law. The Clerk of Court is instructed to enter judgment and close the case.

SO ORDERED.

Dated: June 21, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge